**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**DIANTHA TRIPLET, Individually and as Administratrix of the Estate of William Triplet,**

**Plaintiff,**

**V.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

**CIVIL ACTION NO. 23-418**

**JUDGE:**

**MAGISTRATE:**

**NOTICE OF REMOVAL**

**NOW COMES** Defendant, The Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln"), through undersigned counsel and hereby gives Notice of Removal of Case No. 642280-A from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana to the United States District Court for the Western District of Louisiana.

Pursuant to 28 U.S.C. § 1446, Lincoln hereby invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1332 and 1441, and states the following grounds for removal:

**REMOVAL JURISDICTION**

This Court's subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. As an alternative grounds for removal, this Court has original jurisdiction over this action because it involves claims alleging violations of federal law.

In support of removal, Lincoln makes the following showing:

**TIMELINESS OF REMOVAL**

1. On February 22, 2023, Plaintiff Diantha Triplet ("Plaintiff" or "Triplet") commenced a civil action against Defendant by filing a Petition ("Petition") in the 1st Judicial

District Court for the Parish of Caddo, State of Louisiana, Case No. 642280-A.

2. Lincoln was served through the Louisiana Secretary of State on March 20, 2023.

3. Defendant has not served or filed any answer or responsive pleading to the Petition or made any appearance or argument before the 1st Judicial District Court for the Parish of Caddo in this matter.

4. This Notice is filed with this Court within thirty (30) days after Lincoln received a copy of the Petition upon which this action is based, and before any proceedings were had thereupon in the 1st Judicial District Court for the Parish of Caddo. This removal is timely pursuant to 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents, and orders which have been served upon Lincoln are attached hereto as Exhibit A.

**DIVERSITY JURISDICTION**

6. This action is removed to this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332 and removable to this Court under 28 U.S.C. § 1441. Specifically, Lincoln is incorporated in Indiana and has its principal place of business in Radnor, Pennsylvania. Plaintiff, as alleged in the Petition, is a resident of Louisiana.[1] Plaintiff is seeking "to recover benefits under an accidental death policy"[2] (along with other damages) allegedly due under a group life insurance plan.[3] Based on the foregoing allegations, Plaintiff seeks recovery "for all benefits afforded under the policies at issue, for an award of additional damages, interest, attorneys' fees, and costs, and for

---

1 Plaintiff's Petition at ¶ 1.
2 Plaintiff's Petition at ¶ 4.
3 Plaintiff's Petition at ¶¶ 3, 4, and 8.

all other relief to which she is entitled under the premises."[4] The amount of the accidental death benefits in dispute is $165,000.[5] Accordingly, the amount in controversy is more than $75,000, as by the action, Plaintiff seeks "[t]he full amount of all benefits due under the Policy."[6]

**FEDERAL QUESTION JURISDICTION**

7. As an alternative grounds for removal, removal to this Court is proper pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States. Specifically, Plaintiff asserts claims for benefits allegedly due under a group life insurance policy ("Policy") issued by Lincoln to CHRISTUS Health ("CHRISTUS").[7] Lincoln issued the Policy pursuant to the CHRISTUS Health Group Life Plan (the "Plan"), which provides certain life benefits to employees of CHRISTUS. In her Petition, Plaintiff specifically makes numerous references to the Policy.[8] Although a copy of the Summary Plan Description ("SPD") was attached to the Petition, a copy of the Policy itself was not attached to Plaintiff's Petition. Accordingly, a true and correct copy of the Policy is attached to the Declaration of David MacFadzen in Support of Notice of Removal, which is attached hereto as Exhibit B. The Plan, of which the Policy is a part, is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.[9] ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it

[4] Plaintiff's Petition at the "WHEREFORE" paragraph under ¶ 31 of the Petition,
[5] Declaration of David MacFadzen in Support of Notice of Removal attached hereto as Exhibit B.
[6] Plaintiff's Petition at ¶ 30(a).
[7] Plaintiff's Petition at ¶ 3.
[8] Petition at ¶¶ 3, 7-9, 21, 22, 23, 25- 30.
[9] Policy at page 4, attached as Exhibit 2 to the Declaration of David MacFadzen in Support of Notice of Removal (attached hereto as Exhibit B).

"was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

8. As noted above, Plaintiff is seeking to recover life benefits (along with other damages) from the Plan under the Policy,[10] in which her spouse was a participant by virtue of Plaintiff's employment with CHRISTUS. Although, Plaintiff asserts in her Petition that her claims "are brought solely under Louisiana law,"[11] the benefits sought by Plaintiff in the State Action are sought from the Plan under the Policy. Therefore, the Plan and an action for benefits from the Plan are governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA Plan, specifically, the Policy and the SPD. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by ERISA, as 29 U.S.C. § 1132 governs actions under ERISA and provides exclusive remedies for claims under an ERISA-regulated plan. *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is also proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

9. Plaintiff requested a jury in the state court action. Defendant denies that trial by jury is available under ERISA.

---

[10] Petition at ¶¶ 9-16, 21, 25, 29, and the "WHEREFORE" paragraph thereunder.
[11] Petition at ¶ 6.

**VENUE**

10. Venue of this removal action is proper pursuant to 29 U.S.C. § 1441 inasmuch as the United States District Court for the Western District of Louisiana embraces Caddo Parish, State of Louisiana and the 1st Judicial District Court for the State of Louisiana, which is the venue where the original state court action was filed.

11. Lincoln submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

12. Contemporaneously with this filing, Lincoln is also filing a Notification of Removal with the 1st Judicial District Court for the Parish of Caddo as required by 28 U.S.C. §1446(d).

**WHEREFORE**, Lincoln hereby removes this action from the 1st Judicial District Court for the Parish of Caddo to the United States District Court for the Western District of Louisiana.

Respectfully submitted this 31st day of March 2023.

**Respectfully submitted,**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Matthew R. Slaughter (Bar #37308)
PHELPS DUNBAR LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
matthew.slaughter@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification to counsel registered for electronic service. A copy of the foregoing was also delivered via email and/or U. S. Mail, postage prepaid to:

G. Adam Cossey
Hudson, Potts & Bernsetein, L.P.
1800 Hudson Ln, Ste 300
Monroe, LA 71201
acossey@hpblaw.com

Dated: March 31, 2023.

*/s/ Lindsay Calhoun*
Lindsay Calhoun