**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **DIANTHA TRIPLET, Individually and as Administratrix of the Estate of William Triplet,** | **CIVIL ACTION NO.** |
| | **JUDGE:** |
| **Plaintiff,** | **MAGISTRATE:** |
| **V.** | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

**DECLARATION OF DAVID MACFADZEN IN SUPPORT OF NOTICE OF REMOVAL**

Before the undersigned, an officer duly authorized by law to administer oaths, personally appeared David MacFadzen, who, on oath, deposes and states as follows:

1. I, David MacFadzen, serve as Manager, Life Claims for The Lincoln National Life Insurance Company ("Lincoln"). I maintain my office in Dover, NH. I am more than 21 years of age and am competent to testify to the matters contained herein. My personal knowledge, as well as the files and records maintained by Lincoln in the ordinary course of business, form the basis of this affidavit.

2. As part of my responsibilities for Lincoln, I am familiar with Lincoln's procedures for processing and administering claims for benefits under group life plans, including the claim at issue herein that was submitted by Plaintiff Diantha Triplet ("Triplet"). I am also personally familiar with the manner in which Lincoln maintains files and records, including those that relate to Triplet's claim for accidental death benefits under the Group Life Policy issued to the

EXHIBIT

B

CHRISTUS Health ("CHRISTUS") by Lincoln. I am familiar with and work daily with the construction and interpretation of the various disability and life plans and policies for which Lincoln administers claims, including the Group Life Insurance Policy issued to CHRISTUS that is relevant to the claims of Triplet in the above-styled litigation.

3. I serve as a custodian of records pertaining to life claims submitted for benefits from policies issued by Lincoln such as the Group Life Insurance Policy issued to CHRISTUS, including the claim submitted by Diantha Triplet that is relevant to the above-styled litigation. The documents referenced in this Affidavit are documents kept by Lincoln in the regular course of business. The documents were transmitted to me in the regular course of business by an employee or representative of Lincoln who had personal knowledge of the information, and it is the regular practice of Lincoln to make and/or retain such records. These documents are true and correct duplicates of the originals.

4. Lincoln issued Group Life Insurance Policy No. SA3-890-460617-01 (the "Policy") to CHRISTUS as group policyholder, and Triplet's spouse, William Triplet (the "Decedent") was covered under the Policy.[1] Exhibit 1 hereto are true and correct copies of the Election History and Confirmation Report completed by CHRISTUS pertaining to Triplet's claim for benefits under the Policy. Exhibit 2 hereto is a true and correct copy of the Policy.

5. The Complaint filed by Triplet that was served on Lincoln asserts that Triplet was denied benefits under the Policy.[2] By the Complaint, Triplet seeks to recover from Lincoln "all benefits afforded under the policies at issue, for an award of additional damages, interest, attorneys' fees, and costs, and for all other relief to which she is entitled under the premises."[3]

---

[1] Petition at ¶¶ 4, 9, and 15.
[2] Plaintiff's Petition at ¶¶ 4, 5, 20, 21, 25, and 29.
[3] Plaintiff's Petition at the "WHEREFORE" paragraph under ¶ 31 of the Petition,

6. In the Petition, Triplet states that she is seeking to "any and all benefits due" under the Policy.[4] Pursuant to the Policy, the amount of Dependent [Spouse] Optional Accidental Death and Dismemberment (AD&D) insurance coverage is "An amount equal to 55.00% of the Covered Employee's elected amount."[5] As reflected in the Election History and Confirmation Report that were completed and submitted by CHRISTUS, Triplet's employer,[6] Plaintiff had elected $300,000.00 in AD&D coverage.[7] Accordingly, the amount of accidental death benefits at issue in this case is $165,000.00.[8] This amount does not include the other damages sought by Triplet, including interest, attorneys' fees, costs, and or other relief sought in the Petition.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 30 day of March 2023

DocuSigned by:
David MacFadzen
88CF547929D8496...
David MacFadzen

Sworn to and subscribed before me by means of ☐ physical presence or ☒ online notarization, this 30th day of March, 2023 by David MacFadzen, who ☒ is personally known to me or ☐ produced a N/A as identification.

EDIE ODGAARD
NOTARY PUBLIC
STATE OF FLORIDA
Commission #HH 113813
My Commission Expires 7/31/2025
ONLINE NOTARY

DocuSigned by:
Edie Odgaard
BD81F39AB9D1420...
Notary Public Signature

07/31/2025
Notary Expiration Date

4 Petition at ¶ 11.
5 Exhibit 2 at page 11.
6 Exhibit 1.
7 Exhibit 1.
8 Exhibit 1.

# Health - Election History

Diantha D Triplet **Tax Id Number:** ***-**-5020 **Sys ID:** 3991 **EEID:** 17521

**Plan Year** 2022

Collapse All | Expand All

## 2022 -- CalcId 6 -- (504) Death of Spouse – 1/5/2022 Pay Frequency - BI-WEEKLY

## 2022 -- CalcId 5 -- (504) Death of Spouse – 1/5/2022 Pay Frequency - BI-WEEKLY

## 2022 -- CalcId 4 -- (504) Death of Spouse – 1/5/2022 Pay Frequency - BI-WEEKLY

## 2022 -- CalcId 3 -- (470) Imputed Income Recalculation – 1/1/2022 Pay Frequency - BI-WEEKLY

| Relationship | Benefit | Option / (PCP) Coverage | Effective | Cost Effective | Term Date | Pre Tax Post Tax | Credit Imputed | Source Election Date | Changed By |
|---|---|---|---|---|---|---|---|---|---|
| Employee | (1) MED | (1) Core PPO bundled w/Vision<br>(1) Associate Only | 7/1/2016 | 7/1/2021 | | $303.46<br>$0.00 | $287.73<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (14) RX | (1) OptumRx<br>(1) Associate Only | 4/30/2018 | 4/30/2018 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (33) VIS-BUN | (1) Coverage<br>(1) Associate Only | 7/1/2016 | 7/1/2016 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>4/30/2018 | |

EXHIBIT

1

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Employee | (2) DEN | (2) Coverage<br>(1) Associate Only | 7/1/2015 | 7/1/2021 | | $13.99<br>$0.00 | $4.95<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (11) HCFSA | (0) No Coverage | 7/1/2021 | | | $0.00<br>$0.00 | $0.00<br>$0.00 | Calc'd<br>4/26/2021 | N/A |
| Employee | (12) DCFSA | (0) No Coverage | 7/1/2021 | | | $0.00<br>$0.00 | $0.00<br>$0.00 | Calc'd<br>4/26/2021 | N/A |
| Employee | (4) LIFE | (1) 1x Annual Base Pay<br>$40,000.00 | 7/1/2016 | 7/1/2021 | | $0.00<br>$0.00 | $0.00<br>($3.05) | Default<br>4/30/2018 | N/A |
| Employee | (5) SULF | (5) 5x Annual Base Pay<br>$200,000.00 | 7/1/2016 | 7/1/2021 | | $0.00<br>$52.15 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (6) SPLF | (2) 50% of 2x Associate<br>$40,000.00 | 7/1/2015 | 7/1/2021 | | $0.00<br>$11.28 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (7) CHLF | (2) $10,000 on Each Child | 7/1/2013 | 7/1/2013 | | $0.00<br>$0.25 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (30) ADD | (9) $300,000<br>(4) Associate & Family | 7/1/2010 | 7/1/2010 | | $0.00<br>$4.15 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (9) STD | (1) 60% of Eligible Weekly Average Earnings | 8/1/2013 | 8/1/2013 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (10) LTD | (2) 60% of Monthly Base Pay | 7/1/2010 | 7/1/2021 | | $0.00<br>$9.73 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (13) EAP | (1) Coverage | 8/1/2013 | 8/1/2013 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (405) GRPACCINS | (2) High Plan<br>(2) Associate & Spouse | 7/1/2014 | 7/1/2014 | | $0.00<br>$9.44 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (406) CRITICALILL | (4) $20,000 Enhanced Plan - Tobacco User<br>(4) Associate & Spouse/Associate & Family | 7/1/2019 | 7/1/2019 | | $0.00<br>$41.53 | $0.00<br>$0.00 | Default<br>5/7/2019 | N/A |
| Employee | (401) IDENTHEFT | (1) Pro Plan<br>(4) Associate & Family | 7/1/2015 | 7/1/2015 | | $0.00<br>$6.44 | $0.00<br>$0.00 | Default<br>4/30/2018 | N/A |
| Employee | (60) FMLA | (1) Coverage | 4/30/2018 | 4/30/2018 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>5/10/2018 | N/A |
| Employee | (900) EETOBACCO | (0) Non-Tobacco User - No Surcharge | 7/1/2020 | 7/1/2020 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>5/10/2018 | N/A |
| Employee | (901) SPTOBACCO | (0) Non-Tobacco User - No Surcharge | 4/30/2018 | 4/30/2018 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>5/10/2018 | N/A |
| Employee | (903) LATOBACCO | (0) Non-Tobacco User - No Surcharge | 4/30/2018 | 4/30/2018 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>5/10/2018 | N/A |
| Employee | (450) BRIGHTHORIZON | (1) Coverage | 7/1/2020 | 7/1/2020 | | $0.00<br>$0.00 | $0.00<br>$0.00 | Default<br>12/28/2020 | N/A |

****Model** - 2022 -- CalcId 2 -- (100) Annual Enrollment – 7/1/2021 - Initiated Pay Frequency - BI-WEEKLY**

**2022 -- CalcId 1 -- (100) Annual Enrollment – 7/1/2021 Pay Frequency - BI-WEEKLY**

| Active | Frozen | Termed | Pending | Waiting |
|---|---|---|---|---|

## Confirmation Report for: Diantha Triplet

Thank you! You successfully submitted your claim on: 01/18/2022 12:50 PM EST.

Your Claim Number: 12357332

---

**NEXT STEPS**

- Your claim is being reviewed.
- A member of our Life Claims team will contact the claimant or beneficiary to obtain any additionally required information and provide information regarding the claims process.
- You may also call your Lincoln Financial Group Account Service Manager with any questions regarding the claims process or next steps.

---

## Dependent Proof of Death

**SUMMARY**

| Company Information | |
|---|---|
| **Company Name** | CHRISTUS Health |
| **Policy Number** | 09-460617 |
| **Street Address** | DEPT CH PO Box 981905 |
| **City** | El Paso |
| **State** | TX |
| **Postal Code** | 79998 |
| **Country** | USA |

| Associate Information | |
| --- | --- |
| **First Name** | Diantha |
| **Last Name** | Triplet |
| **Associate ID** | 17521 |
| **Gender** | F |
| **Date of Birth** | 06/14/1960 |
| **Street Address** | 6474 Colquitt Road |
| **City** | Keithville |
| **State** | LA |
| **Postal Code** | 71047 |
| **Country** | USA |

| Policy Information | |
| --- | --- |
| **Scheduled Work Hours** | 80 |
| **Earnings** | $ 39,353.6 |
| **Work Status** | ACTIVE |
| **Date Employed** | 10/20/2008 |
| **Last Worked** | 01/18/2022 |
| **Date of Death** | 01/05/2022 |
| **Dependent Basic Amount** | $ 40,000 |
| **Dependent Optional AD&D Amount** | $ 300,000 |

| Dependent Personal Information | |
|---|---|
| **First Name** | William |
| **Last Name** | Triplet |
| **Relationship to employee** | SPOUSE |
| **Was Dependent an Employee of this Company?** | NO |
| **Date of birth** | 10/21/1946 |
| **Gender** | M |
| **Street Address** | 6474 Colquitt Rd |
| **City** | Keithville |
| **State** | LA |
| **Country** | USA |

| Caller Information | |
|---|---|
| **First Name** | Diantha |
| **Last Name** | Triplet |

| Additional Information | |
|---|---|
| **Documents Submitted** | |
| TripletDiantha_EnrollmentConfirmation.pdf | |

**I certify that the facts as indicated above are true to the best of my knowledge and belief.**

| | |
|---|---|
| **Name:** Susan Korosy | **Date Signed:** 01/18/2022 12:50 PM EST |
| **Phone Number:** 858-523-5596 | **Email Address:** susan.korosy@willistowerswatson.com |

# LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

Home Office: 100 Liberty Way, Suite 100, Dover, New Hampshire 03820-4695

**Important**

Effective September 1, 2019, Liberty Life Assurance Company of Boston changed its name to Lincoln Life Assurance Company of Boston. Please be aware that in the near future you will receive an Endorsement that must be attached to your policy upon receipt.

**Importante**

Vigente a partir del 1.º de septiembre de 2019, Liberty Life Assurance Company of Boston cambió su nombre a Lincoln Life Assurance Company of Boston. Tenga en cuenta que en el corto plazo recibirá un Endoso que debe adjuntarse a su póliza una vez recibido.

EXHIBIT

2

**IMPORTANT INFORMATION ABOUT COVERAGE UNDER THE TEXAS LIFE AND HEALTH INSURANCE GUARANTY ASSOCIATION**
**(For insurers declared insolvent or impaired on or after September 1, 2005)**

Texas law establishes a system, administered by the Texas Life and Health Insurance Guaranty Association (the "Association"), to protect Texas policyholders if their life or health insurance company fails. Only the policyholders of insurance companies which are members of the Association are eligible for this protection which is subject to the terms, limitations, and conditions of the Association law. (The law is found in the Texas Insurance Code, Chapter 463.)

**It is possible that the Association may not cover your policy in full or in part due to statutory limitations.**

**Eligibility for Protection by the Association**

When a member insurance company is found to be insolvent and placed under an order of liquidation by a court or designated as impaired by the Texas Commissioner of Insurance, the Association provides coverage to policyholders who are:

- Residents of Texas at the time **(irrespective of the policyholder's residency at policy issue)**
- Residents of other states, ONLY if the following conditions are met:
  1. The policyholder has a policy with a company domiciled in Texas;
  2. The policyholder's state of residence has a similar guaranty association; and
  3. The policyholder is *not eligible* for coverage by the guaranty association of the policyholder's state of residence.

**Limits of Protection by the Association**

**Accident, Accident and Health, or Health Insurance:**
- For each individual covered under one or more policies: up to a total of $500,000 for basic hospital, medical-surgical, and major medical insurance, $300,000 for disability or long term care insurance, and $200,000 for other types of health insurance.

**Life Insurance:**
- Net cash surrender value or net cash withdrawal value up to a total of $100,000 under one or more policies on any one life; or
- Death benefits up to a total of $300,000 under one or more policies on any one life; or
- Total benefits up to a total of $5,000,000 to any owner of multiple non-group life policies.

**Individual Annuities:**
- Present value of benefits up to a total of $250,000 under one or more contracts on any one life.

**Group Annuities:**
- Present value of allocated benefits up to a total of $250,000 on any one life; or
- Present value of unallocated benefits up to a total of $5,000,000 for one contractholder regardless of the number of contracts.

**Aggregate Limit:**
- $300,000 on any one life with the exception of the $500,000 health insurance limit, the $5,000,000 multiple owner life insurance limit, and the $5,000,000 unallocated group annuity limit.

**Insurance companies and agents are prohibited by law from using the existence of the Association for the purpose of sales, solicitation, or inducement to purchase any form of insurance. When you are selecting an insurance company, you should not rely on Association coverage.**

Texas Life and Health Insurance Guaranty Association
6504 Bridge Point Parkway, Suite 450
Austin, Texas 78730
800-982-6362 or www.txlifega.org

Texas Department of Insurance
P.O. Box 149104
Austin, Texas 78714-9104
800-252-3439 or www.tdi.state.tx.us

# GROUP LIFE INSURANCE POLICY

**Sponsor:** **CHRISTUS Health**

**Policy Number:** **SA3-890-460617-01**

**Effective Date:** **July 1, 2013**

**Governing Jurisdiction** is **Texas** and subject to the laws of that State.

**Premiums** are due and payable monthly on the first day of each month.

**Policy Anniversaries** shall occur each July 1st beginning in 2014.

Liberty Life Assurance Company of Boston (hereinafter referred to as Liberty) agrees to pay the benefits provided by this policy in accordance with its provisions.

**PLEASE READ THIS POLICY CAREFULLY FOR FULL DETAILS.**

This policy is a legal contract and is issued in consideration of the Application of the Sponsor, a copy of which is attached, and of the payment of premiums by the Sponsor.

For purposes of this policy, the Sponsor acts on its own behalf or as the Covered Employee's agent. Under no circumstances will the Sponsor be deemed the agent of Liberty.

This policy is delivered in and governed by the laws of the governing jurisdiction and to the extent applicable by The Employee Retirement Income Security Act of 1974 (ERISA) and any subsequent amendments.

The following pages including any amendments, riders or endorsements are a part of this policy.

Life insurance benefits will be reduced if an acceleration-of-life-insurance benefit is paid. Receipt of acceleration-of-life-insurance benefits may affect the Covered Employee or his family's eligibility for public assistance programs such as medical assistance (Medicaid), Aid to Families with Dependent Children (AFDC), supplementary social security income (SSI), and drug assistance programs. The Covered Employee is advised to consult with a qualified tax advisor and with social service agencies concerning how receipt of such a payment will affect him, his spouse and his family's eligibility for public assistance. In addition, the receipt of an Accelerated Death Benefit may or may not qualify for favorable tax treatment under the Internal Revenue Code of 1986. Whether such benefits qualify depends on factors such as the Covered Employee's life expectancy at the time benefits are accelerated or whether he uses the benefits to pay for necessary long-term care expenses, such as nursing home care. If the Accelerated Benefit qualifies for favorable tax treatment, the benefits will be excludable from his income and not subject to federal taxation. Tax laws relating to the Accelerated Benefit are complex. The Covered Employee is advised to consult with a qualified tax advisor about circumstances under which he could receive the Accelerated Benefit excludable from income under federal law.

Signed at Liberty's Home Office, 175 Berkeley Street, Boston, Massachusetts 02116.

SECRETARY PRESIDENT

**IMPORTANT NOTICE**

To obtain information or make a complaint:

You may call Liberty's toll-free telephone number for information or to make a complaint at:

**1-800-344-0197**

You may also write to Liberty at:

Presidential Service Team
Liberty Mutual Insurance Group
175 Berkeley Street
Boston, Massachusetts 02116

You may contact the Texas Department of Insurance to obtain other information on companies, coverages, rights or complaints at

**1-800-252-3439**

You may write the Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

PREMIUM OR CLAIM DISPUTES: Should you have a dispute concerning your premium or about a claim you should contact the agent first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

ATTACH THIS NOTICE TO YOUR POLICY: This notice is for information only and does not become a part or condition of the attached document.

**AVISO IMPORTANTE**

Para obtener informacion o para someter una queja:

Usted puede llamar al numero de telefono gratis de Liberty's para informacion o para someter una queja al:

**1-800-344-0197**

Usted tambien puede escriber a Liberty:

Presidential Service Team
Liberty Mutual Insurance Group
175 Berkeley Street
Boston, Massachusetts 02116

Puede comunicarse con el Departmento de Seguros de Texas para obtener informacion acera de companias, coberturas, derechos o quejas al

**1-800-252-3439**

Puede escribir al Departamento de Department Seguros de Texas
P.O. Box 149104
Austin, TX 78714-9104
FAX # 9512) 475-1171

DISPUTAS SOBRE PRIMAS O RECLAMOS: Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

UNA ESTE AVISO A SU POLIZA: Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

# TABLE OF CONTENTS

**SECTION 1** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **SCHEDULE OF BENEFITS**

**SECTION 2** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **DEFINITIONS**

**SECTION 3** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ELIGIBILITY AND EFFECTIVE DATES**

**SECTION 4** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **INSURANCE BENEFITS**

**SECTION 5** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **EXCLUSIONS**

**SECTION 6** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **TERMINATION PROVISIONS**

**SECTION 7** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **GENERAL PROVISIONS**

**SECTION 8** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PREMIUMS**

**SECTION 9** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **APPLICATION**

# SECTION 1 - SCHEDULE OF BENEFITS

## ELIGIBILITY REQUIREMENTS FOR INSURANCE BENEFITS

**Minimum Hourly Requirement:**

Applicable to Class 1A, 4A, 5, 6A, 7:
Employees working a minimum of 30 regularly scheduled hours per week

Applicable to Class 1B, 4B, 6B:
Employees working a minimum of 20 regularly scheduled hours per week

Applicable to Class 8A:
Employees working a minimum of 44 regularly scheduled hours per week

Applicable to Class 8B:
Employees working a minimum of 64 regularly scheduled hours per week

**Classification of Covered Employees:**

| | |
|---|---|
| Class 1A: | Full-time, Acute Associates & Physicians |
| Class 1B: | Part-time, Acute Associates & Physicians |
| Class 4A: | Full-time religious Associates, in locations where applicable |
| Class 4B: | Part-time religious Associates |
| Class 5: | CEO |
| Class 6A: | All full-time Executives, excluding the CEO |
| Class 6B: | All part-time Executives, excluding the CEO |
| Class 7: | All Residents |
| Class 8A: | All Emergency Medical Services Employees who are guaranteed a work schedule of 44 hours per week |
| Class 8B: | All Emergency Medical Services Employees who are guaranteed a work schedule of 64 hours per week |

**Note:** Temporary and seasonal Employees and Employees who are not United States citizens or legal residents working in the United States are not covered under this policy.

**Eligibility Waiting Period:**

Applicable to Basic Insurance:

Applicable to Class 1A, 4A, 5, 6A, 8A, 8B:
1. If the Covered Person is employed by the Sponsor on the policy effective date -
First day of the pay period coincident with or next following 45 days of continuous, Active Employment

2. If the Covered Person begins employment for the Sponsor after the policy effective date - First day of the pay period coincident with or next following 45 days of continuous, Active Employment

Applicable to Class 1B, 4B, 6B:

1. If the Covered Person is employed by the Sponsor on the policy effective date - 90 days of continuous, Active Employment

2. If the Covered Person begins employment for the Sponsor after the policy effective date - 90 days of continuous, Active Employment

Applicable to Class 7:

1. If the Covered Person is employed by the Sponsor on the policy effective date - None

2. If the Covered Person begins employment for the Sponsor after the policy effective date - None

Applicable to Optional Insurance:

Applicable to Class 1A, 5, 6A, 8A, 8B:

1. If the Covered Person is employed by the Sponsor on the policy effective date - First day of the pay period coincident with or next following 45 days of continuous, Active Employment

2. If the Covered Person begins employment for the Sponsor after the policy effective date - First day of the pay period coincident with or next following 45 days of continuous, Active Employment

Applicable to Class 1B, 6B:

1. If the Covered Person is employed by the Sponsor on the policy effective date - 90 days of continuous, Active Employment

2. If the Covered Person begins employment for the Sponsor after the policy effective date - 90 days of continuous, Active Employment

Applicable to Class 7:

1. If the Covered Person is employed by the Sponsor on the policy effective date - None

2. If the Covered Person begins employment for the Sponsor after the policy effective date - None

**Employee Contributions Required:**

| | |
|---|---|
| Employee Basic Life Insurance Benefits: | No |
| Employee Optional Life Insurance Benefits: | Yes |
| Employee Optional Accidental Death and Dismemberment Insurance Benefits: | Yes |
| Dependent Optional Life Insurance Benefits: | Yes |
| Dependent Optional Accidental Death and Dismemberment Insurance Benefits: | Yes |

# SECTION 1 - SCHEDULE OF BENEFITS
(Continued)

**LIFE INSURANCE**

**Amount of Insurance:**

**Employee Basic Life Insurance:**

Applicable to Class 1A, 4A, 8A, 8B:
An amount equal to 1 times Annual Earnings. If Annual Earnings are not a multiple of $1,000.00, the amount will be rounded to the next higher multiple of $1,000.00. This amount may not exceed $300,000.00.

Applicable to Class 1B, 4B:
N/A

Applicable to Class 5, 6A, 6B:
N / A

Applicable to Class 7:
An amount equal to 1 times the total of Annual Earnings plus housing allowance, where applicable. If the total of Annual Earnings plus housing allowance is not a multiple of $1,000.00, the amount will be rounded to the next higher multiple of $1,000.00. This amount may not exceed $300,000.00

**Employee Optional Life Insurance:**

Applicable to Class 1A, 1B, 7, 8A, 8B:
An amount equal to 1, 2, 3, 4 or 5 times Annual Earnings. If Annual Earnings are not a multiple of $1,000.00, the amount will be rounded to the next higher multiple of $1,000.00. This amount may not exceed $1,150,000.00.

Applicable to Class 5, 6A, 6B:
N / A

Applicable to Class 1A, 7, 8A, 8B:
The overall combined maximum is $1,200,000.00.

**Dependent Optional Life Insurance:**

Applicable to Class 1A, 1B, 7, 8A, 8B:
Optional Dependent Child coverage may be elected without electing Employee Optional Life Insurance.

Applicable to Class 5, 6A, 6B:
Optional Dependent Spouse and Child coverage may be elected without electing Employee Optional Life Insurance.

**SPOUSE**

Spouse:

Applicable to Class 1A, 7, 8A, 8B:

An amount equal to .5, 1, 1.5, 2, or 2.5 times the Covered Employee's Annual Earnings. If Annual Earnings are not a multiple of $1,000.00, the amount will be rounded to the next higher multiple of $1,000.00. This amount may not exceed a maximum of 50.00% of the Covered Employee's Optional Life Insurance amount. This amount may not exceed $250,000.00.

Applicable to Class 1B:

An amount up to 50.00% of the Covered Employee's Optional Life Insurance amount. This amount may not exceed $250,000.00.

Applicable to Class 5, 6A, 6B:

An amount in increments of $25,000.00. This amount may not exceed $250,000.00.

**CHILD**

Children (Age at Death):

Live birth, but under 26 years.

Applicable Class 1A, 5, 6A, 6B, 7, 8A, 8B:

$10,000.00

Applicable Class 1B:

$5,000.00

## SECTION 1 - SCHEDULE OF BENEFITS
(Continued)

**ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE**

**Full Amount of Insurance:**

**Employee Optional Accidental Death and Dismemberment Insurance:**

Applicable to Class 1A, 1B, 5, 7, 8A, 8B:
Option 1: $10,000.00
Option 2: $20,000.00
Option 3: $30,000.00
Option 4: $40,000.00
Option 5: $50,000.00
Option 6: $70,000.00
Option 7: $100,000.00
Option 8: $200,000.00
Option 9: $300,000.00
Option 10: $400,000.00
Option 11: $500,000.00

This amount may not exceed 10 times Annual Earnings.

**Dependent Optional Accidental Death and Dismemberment Insurance:**

Applicable to Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B
There are three Dependent Accidental Death and Dismemberment options available: Spouse only, Spouse and Children, Children only.

**SPOUSE**
Spouse:

Applicable to Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B:
Without Children: An amount equal to 65.00% of the Covered Employee's elected amount.

With Children: An amount equal to 55.00% of the Covered Employee's elected amount.

**CHILD**
Children (Age at Death):

Live birth, but under 26 years.

Applicable to Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B:
Without Spouse: An amount equal to 20.00% of the Covered Employee's elected amount.

With Spouse: An amount equal to 15.00% of the Covered Employee's elected amount.

## SECTION 1 - SCHEDULE OF BENEFITS
(Continued)

**ADDITIONAL ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE**

**Employee and Dependent spouse Seat Belt Benefit:**

Maximum Benefit Amount: 10.00% of Full Amount up to $10,000.00

**Employee and Dependent spouse Air Bag Benefit:**

Maximum Benefit Amount: 10.00% of Full Amount up to $10,000.00

**Reduction Formula**:

Applicable to Basic Insurance:

Applicable to Class 1A, 1B, 4A, 4B, 7, 8A, 8B:

The amount of Life Insurance applicable to the Covered Person's class of benefits will reduce at age 65 or older as follows:

| | |
|---|---|
| ages 65 - 69: | to 65% |
| ages 70 & up: | to 50% |

Applicable to Optional Insurance:

The amount of Life and Accidental Death and Dismemberment Insurance applicable to the Covered Person's class of benefits will reduce at age 65 or older as follows:

| | |
|---|---|
| ages 65 - 69: | to 65% |
| ages 70 & up: | to 50% |

Note: Dependent spouse benefit reductions are based on the Covered Employee's age and reduction schedule. Reductions will occur on the July 1st following the date the Covered Person attains the applicable age.

## SECTION 1 - SCHEDULE OF BENEFITS
(Continued)

**Evidence of Insurability Requirements**

**Non-Medical Maximum:**

| | | |
|---|---|---|
| Employee Optional Life Insurance Benefits: | Class 1B: | The lesser of 3 times Annual Earnings or $150,000.00 |
| Dependent Spouse Optional Life Insurance Benefits: | Class 1A, 5, 6A, 6B, 7, 8A, 8B: | $50,000.00 |
| | Class 1B: | $25,000.00 |

Any amounts of insurance in excess of the amount shown above that are due solely to salary increases are not subject to Evidence of Insurability.

**Annual Enrollment:**

| | | |
|---|---|---|
| Employee Optional Life Insurance Benefits: | | For Employees with current Optional Life Insurance coverage, any increases of more than one level above the current benefit level will be subject to Evidence of Insurability. For those Employees without Optional Life Insurance coverage, any election will be subject to Evidence of Insurability. |

Any increases elected during Annual Enrollment will be subject to Evidence of Insurability if an Employee has previously been denied coverage. The Non-Medical Maximum will apply to any changes made during the Annual Enrollment Period.

| | | |
|---|---|---|
| Dependent Spouse Optional Life Insurance: | | Any increases above the current benefit level will be subject to Evidence of Insurability. |

**Family Status Change:**

| | | |
|---|---|---|
| Employee Optional Life Insurance Benefits: | | Any increases of more than one level above the current benefit level will be subject to Evidence of Insurability. |

Any increases elected due to a Family Status Change will be subject to Evidence of Insurability if an Employee has previously been denied coverage. The Non-Medical Maximum will apply to any changes made due to a Family Status Change.

| | | |
|---|---|---|
| Dependent Spouse Optional Life Insurance: | Class 1A, 1B, 7, 8A, 8B: | Any increases of more than one level above the current benefit level will be subject to Evidence of Insurability. |

Class 5, 6A, 6B: Any increases above the current benefit level will be subject to Evidence of Insurability.

# SECTION 2 - DEFINITIONS

In this section Liberty defines some basic terms needed to understand this policy. The male pronoun whenever used in this policy includes the female.

**"Active Employment"** means the Employee must be actively at work for the Sponsor:

1. on a full-time or part-time basis and paid regular earnings;

2. for at least the minimum number of hours shown in the Schedule of Benefits; and either perform such work:

   a. at the Sponsor's usual place of business; or
   b. at a location to which the Sponsor's business requires the Employee to travel.

An Employee will be considered actively at work if he was actually at work on the day immediately preceding:

1. a weekend (except where one or both of these days are scheduled work days);
2. holidays (except when the holiday is a scheduled work day);
3. paid vacations;
4. any non-scheduled work day;
5. an excused leave of absence (except medical leave for the Covered Person's own disabling condition and lay-off); and
6. an emergency leave of absence (except emergency medical leave for the Covered Person's own disabling condition).

**"Administrative Office"** means Liberty Life Assurance Company of Boston, 9 Riverside Road, Weston, MA 02493.

Applicable to Class 1A, 1B, 4A, 4B, 7:

**"Annual Earnings"** means the Covered Person's annual rate of earnings from the Sponsor. However, such earnings will not include bonuses, commissions, overtime pay and extra compensation. Annual Earnings are frozen annually on March 15th and take effect on the following July 1st.

Applicable to Class 8A, 8B:

**"Annual Earnings"** means the Covered Person's annual rate of earnings from the Sponsor. However, such earnings will not include bonuses, commissions, and any extra compensation other than guaranteed overtime pay. Annual Earnings are frozen annually on March 15th.

**"Annual Enrollment Period"** or **"Enrollment Period"** means the period before each policy anniversary so designated by the Sponsor and Liberty during which an Employee may enroll for coverage under this policy.

## SECTION 2 - DEFINITIONS
(Continued)

**"Application"** is the document designated in Section 9; it is attached to and is made a part of this policy.

**"Confined"** means confinement in a hospital, skilled nursing facility or rehabilitation facility.

**"Covered Dependent"** means a Dependent whose coverage is in effect. It does not include a Dependent whose coverage has ended.

**"Covered Employee"** means a person in Active Employment insured under this policy.

**"Covered Person"** means an Employee in Active Employment or a Dependent insured under this policy.

**"Dependent"** means:

1. a Covered Employee's lawful spouse, including a legally separated spouse; and
2. a Covered Employee's unmarried children, who meet the age requirements shown in the Schedule of Benefits.

Children include the Covered Employee's own natural offspring, lawfully adopted children, and full-time students as defined by the school being attended. A child will be considered adopted on the date of placement in the Covered Employee's home.

They also include stepchildren who are dependent on the Covered Employee for support and maintenance and living with the Covered Employee in a regular parent-child relationship.

They also include children who, on and after the date on which insurance would otherwise end because of the children's age, are Continuously Disabled.

With respect to this provision, **"Continuously Disabled"** means a child who is incapable of self-sustaining employment because of mental or physical disabilities and is chiefly dependent on the Covered Employee for support and maintenance, or institutionalized because of mental or physical disabilities.

Dependent does not include a person who is a member of the armed forces.

## SECTION 2 - DEFINITIONS
(Continued)

**"Eligibility Date"** means the date an Employee becomes eligible for insurance under this policy. Eligibility Requirements are shown in the Schedule of Benefits.

**"Eligibility Waiting Period"** means the continuous length of time an Employee must be in Active Employment in an eligible class to reach his Eligibility Date.

**"Employee"** means a person in Active Employment with the Sponsor.

**"Enrollment Form"** is the document completed by the Covered Employee, if required, when enrolling for coverage. This form must be satisfactory to Liberty.

**"Evidence of Insurability"** means a statement of proof of the Covered Person's medical history upon which acceptance for insurance will be determined by Liberty.

## SECTION 2 - DEFINITIONS
(Continued)

**"Family and Medical Leave"** means a leave of absence for the birth, adoption or foster care of a child, or for the care of the Covered Employee's child, spouse or parent or for the Covered Employee's own serious health condition as those terms are defined by the Federal Family and Medical Leave Act of 1993 (FMLA) and any amendments, or by applicable state law.

Applicable to Basic Insurance Class 1A, 1B, 4A, 4B, 7, 8A, 8B, Optional Insurance:

**"Family Status Change"** means any one of the following events that may occur:

1. the Employee's marriage or divorce;
2. the birth of a child to the Employee;
3. the adoption of a child by the Employee;
4. the death of the Employee's spouse or child;
5. the commencement or termination of employment of the Employee's spouse;
6. the change from part-time employment to full-time employment by the Employee or the Employee's spouse;
7. the change from full-time employment to part-time employment by the Employee or the Employee's spouse;
8. the taking of unpaid leave of absence by the Employee or the Employee's spouse.

## SECTION 2 - DEFINITIONS
(Continued)

**"Initial Enrollment Period"** means one of the following periods during which an Employee may first enroll for coverage under this policy:

1. if the Employee is eligible for insurance on the policy effective date, a period before the policy effective date set by the Sponsor and Liberty.

2. if the Employee becomes eligible for insurance after the policy effective date, the period which ends 31 days after his Eligibility Date.

**"Injury"** means bodily impairment resulting directly from an accident and independently of all other causes.

**"Non-Medical Maximum"** means an amount of insurance on a Covered Person which is not subject to Evidence of Insurability. The Non-Medical Maximum amounts are shown in the Schedule of Benefits. Any amounts of insurance in excess of the Non-Medical Maximums are subject to Evidence of Insurability. Evidence of Insurability will be at the Covered Employee's expense.

**"Physician"** means a person who:

1. is licensed to practice medicine and is practicing within the terms of his license; or

2. is a licensed practitioner of the healing arts in a category specifically favored under the health insurance laws of the state where the treatment is received and is practicing within the terms of his license.

It does not include a Covered Person, any family member or domestic partner.

## SECTION 2 - DEFINITIONS
(Continued)

**"Proof"** means the evidence in support of a claim for benefits and includes, but is not limited to, the following:

1. a claim form completed and signed (or otherwise formally submitted) by the Covered Employee or his beneficiary claiming benefits;

2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and

3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits;

4. a certified copy of a death certificate.

Proof must be submitted in a form or format satisfactory to Liberty.

**"Schedule of Benefits"** means the section of this policy which shows, among other things, the Eligibility Requirements, Eligibility Waiting Period, and Amount of Insurance Benefit.

**"Sickness"** means disease or illness including related conditions and recurrent symptoms of the sickness. Sickness also includes pregnancy.

**"Sponsor"** means the entity to whom this policy is issued.

# SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES

**Eligibility Requirements for Employee and Dependent Insurance Benefits**

The eligibility requirements for insurance benefits are shown in the Schedule of Benefits.

**Eligibility Date for Insurance Benefits**

**Employee Coverage:**

If the Employee is in an eligible class he will qualify for insurance on the later of:

1. this policy's effective date; or
2. the day after he completes the Eligibility Waiting Period shown in the Schedule of Benefits.

**Dependent Coverage:**

If the Employee is eligible for Employee coverage he will be eligible for Dependent coverage on the later of:

1. the date he is eligible for Employee coverage if on that date he has a Dependent; or
2. the date he acquires a Dependent if on that date he is eligible for Employee coverage.

If both parents are Employees, either parent or both will be eligible for Dependent coverage with respect to their dependent children.

**Applicable to Employee Basic Life Insurance Class 1A, 1B, 4A, 4B, 7, 8A, 8B, Employee Optional Life Insurance Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B, Dependent Optional Life Insurance Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B:**

**Annual Enrollment Period**

During each Annual Enrollment Period, an Employee may keep his coverage at the same level or make any one of the following changes in coverage for the next policy year, subject to any Evidence of Insurability Requirements as shown in the Schedule of Benefits:

1. decrease his coverage;
2. increase his coverage including enrolling for the first time.

**Applicable to Employee Basic Life Insurance Class 1A, 1B, 4A, 4B, 7, 8A, 8B, Employee Optional Life Insurance Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B, Dependent Optional Life Insurance Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B:**

If an Employee fails to enroll for a change in his coverage option during any Annual Enrollment Period he will continue to be insured for the same coverage option during the next policy year, unless the Covered Employee experiences a Family Status Change.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES

(Continued)

**Applicable to Basic Employee Life Class 1A, 1B, 4A, 4B, 7, 8A, 8B, Optional Employee Life Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B, Optional Employee Accidental Death and Dismemberment Class 1A, 1B, 5, 7, 8A, 8B, Optional Dependent Life Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B, Optional Dependent Accidental Death and Dismemberment Class 1A, 1B, 5, 6A, 6B, 7, 8A, 8B:**

**Family Status Change**

When a Covered Employee experiences a Family Status Change, a Covered Employee may keep his coverage at the same level or make any one of the following changes in coverage, subject to any Evidence of Insurability Requirements as shown in the Schedule of Benefits:

1. decrease his coverage;

2. increase his coverage including enrolling for the first time.

The Covered Employee must apply for the change in coverage within 30 days of the date of the Family Status Change. Such changes in coverage must be due to or consistent with the reason that the change in coverage was permitted. A change in coverage is consistent with a Family Status Change only if it is necessary or appropriate as the result of the Family Status Change.

**Effective Date for Insurance Benefits**

Insurance will be effective at 12:01 A.M. Standard Time in the governing jurisdiction on the day determined as follows, but only if the Employee's application or enrollment for insurance is made with Liberty through the Sponsor in a form or format satisfactory to Liberty.

**Employee Coverage:**

1. For non-contributory coverage not subject to Evidence of Insurability, the Covered Employee will be insured on his Eligibility Date.

2. For non-contributory coverage subject to Evidence of Insurability, the Covered Employee will be insured on the later of the date Liberty gives approval or his Eligibility Date.

3. For contributory coverage not subject to Evidence of Insurability, the Covered Employee will be insured on the later of the date he makes application or his Eligibility Date, provided he makes application no later than 31 days after his Eligibility Date.

4. For contributory coverage subject to Evidence of Insurability, the Covered Employee will be insured on the later of the date Liberty gives approval or his Eligibility Date, provided he makes application no later than 31 days after his Eligibility Date.

Evidence of Insurability will be at the Covered Employee's Expense.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

**Effective Date for Insurance Benefits** (Continued)

**Dependent Coverage:**

1. For contributory coverage not subject to Evidence of Insurability, the Covered Employee's Dependent will be insured on the later of the date the Covered Employee makes application or his Eligibility Date, provided he makes application no later than 31 days after his Eligibility Date.

2. For contributory coverage subject to Evidence of Insurability, the Covered Employee's Dependent will be insured on the later of the date Liberty gives approval or his Eligibility Date, provided he makes application no later than 31 days after his Eligibility Date.

Evidence of Insurability will be at the Covered Employee's Expense.

**Increases or Decreases:**

Any increase in or addition to coverage will take effect on the date of the change.

Any decrease in or deletion of coverage will take effect on the date of the change.

Any such change applies to loss of life or accidental Injury that occurs on or after the effective date of the change.

**Delayed Effective Date for Employee Insurance**

The effective date of any initial, increased or additional insurance will be delayed for an individual if he is not in Active Employment because of Injury or Sickness. The initial, increased or additional insurance will begin on the date the individual returns to Active Employment.

**Delayed Effective Date for Dependent Insurance**

If a Covered Dependent is Confined on the date the increase or addition is to take effect, it will take effect when the confinement ends.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

**Family and Medical Leave**

A Covered Employee's coverage may be continued under this policy for an approved family or medical leave of absence for up to 12 weeks following the date coverage would have terminated, subject to the following:

1. the authorized leave is in writing;
2. the required premium is paid;
3. the Covered Employee's benefit level, or the amount of earnings upon which the Covered Employee's benefit may be based, will be that in effect on the date before said leave begins; and
4. continuation of coverage will cease immediately if any one of the following events should occur:
   a. the Covered Employee returns to work;
   b. this policy terminates;
   c. the Covered Employee is no longer in an eligible class;
   d. nonpayment of premium when due by the Sponsor or the Covered Employee;
   e. the Covered Employee's employment terminates.

**Leave of Absence**

Applicable to Class 1A, 1B, 4A, 4B, 7, 8A, 8B:

The Sponsor may continue the Covered Employee's coverage(s) by paying the required premiums, if the Covered Person is granted an approved leave of absence.

The Covered Employee's coverage(s) will not continue beyond a period of six months. In continuing such coverage(s) under this provision, the Sponsor agrees to treat all Covered Employees equally.

**Leave of Absence Due to Disability**

Applicable to Class 1A, 1B, 4A, 4B, 7, 8A, 8B:

The Sponsor may continue the Covered Employee's coverage(s) by paying the required premiums, if the Covered Employee is granted an approved leave of absence due to a disability.

The Covered Employee's coverage(s) will not continue beyond a period of six months. In continuing such coverage(s) under this provision, the Sponsor agrees to treat all Covered Employees equally.

## SECTION 3 - ELIGIBILITY AND EFFECTIVE DATES
(Continued)

**Continuation During a Labor Dispute**

**ELIGIBILITY**

A Covered Employee whose coverage under this policy ends because he stops active work as a result of a labor dispute may have the right to have continued coverage. To continue coverage, the required premium must be paid to the Sponsor when due.

To qualify for continued coverage, a Covered Employee must have been covered by this policy on the date of cessation of work.

If any premium was due prior to the date of cessation of work and is unpaid at the date of cessation of work, continuation may be contingent upon payment of such premium.

**PAYMENT FOR CONTINUED COVERAGE**
The Covered Employee must pay his individual contribution of premium and any contribution due from the employer for the period of cessation of work. The premium will be 100% of the total employer and employee cost of providing the same benefits if the cessation of work had not occurred. The individual premium rate may be increased up to an additional 20%, or a higher percent if approved by the Commissioner of Insurance of Texas.

**BENEFITS UNDER CONTINUED COVERAGE**
This continued coverage will at all times provide the same benefits as would have been afforded to the Covered Employee had the work cessation not occurred. This includes any changes in the coverage under this policy as may become effective while continued coverage is in effect.

**TERMINATION OF CONTINUED COVERAGE**
A Covered Employee's continued coverage under this provision will end at the earliest of these dates:

- the date which ends the "maximum period" as defined below;
- the date ending the last period for which the covered person has made any required payment for continued coverage on a timely basis;
- the date work cessation ends;
- the date on which the number of persons for which premium is paid is less than 75% of those eligible to continue coverage;
- the date a Covered Employee takes full-time employment with another employer.

The "maximum period" referred to above will start with the first day of the period of work cessation and will end with the date 6 months after the work cessation began.

# SECTION 4 - INSURANCE BENEFITS

**EMPLOYEE LIFE INSURANCE**

**Benefits**

When Liberty receives satisfactory Proof of the Covered Employee's death, Liberty will pay the proceeds of the Life Insurance in force on the Covered Employee's life under this policy. The benefit payable is shown in the Schedule of Benefits.

**Conversion Privilege**

**Conversion Privilege at Individual Termination or Reduction of Benefits:**

If all or part of a Covered Employee's coverage ends, the Covered Employee may convert the amount that ends to an individual Life Insurance policy. Conversion is subject to the following conditions:

1. within 31 days after coverage ends or is reduced, the Covered Employee must make written application to Liberty and pay the first premium payment.

2. the individual policy will be issued without Evidence of Insurability. It will contain Life Insurance benefits only. The policy will be one then being offered by Liberty. The premium due will be based on the premium schedule of Liberty's conversion policy that applies to the Covered Employee's class of risk and age at the birthday nearest to the effective date of the individual policy.

The individual policy will be effective 31 days after the Covered Employee's group coverage ends.

**Conversion Privilege at Class or Policy Termination:**

If coverage ends for all employees or for a Covered Employee's class, the Covered Employee is entitled to a limited conversion privilege. The Covered Employee must have been covered for at least 5 years. The Covered Employee must apply for the individual policy in the same manner as described above. The amount the Covered Employee may convert is limited to the lesser of:

1. the amount the Covered Employee was covered for on the date the group coverage terminated less any group insurance he becomes eligible for within 31 days; or

2. $2,000.

The individual policy will be effective 31 days after the Covered Employee's group coverage ends.

**Death Within the 31 Days Allowed for Conversion:**

If a Covered Employee dies within the 31 days allowed for conversion, Liberty will pay to his beneficiary the amount he was eligible to convert. Such insurance will be paid as a claim under this policy. Any premiums paid for a converted policy will be refunded.

## SECTION 4 - INSURANCE BENEFITS
(Continued)

**Applicable to Basic Insurance Class 1A, 4A, 7, 8A, 8B, Optional Insurance Class 1A, 1B, 7, 8A, 8B:**

**EMPLOYEE LIFE INSURANCE COVERAGE** (Continued)

**Accelerated Death Benefit**

If, while insured under this policy, a Covered Employee or Covered Dependent spouse gives Liberty satisfactory Proof of having a Terminal Condition, the Covered Employee or Covered Dependent spouse may receive a portion of his Life Insurance as an Accelerated Death Benefit. Such insurance will be paid one time to the Covered Employee or Covered Dependent spouse in one lump sum.

The amount of Accelerated Death Benefit payable under this policy is limited to the lesser of the following:

1. the Accelerated Death Benefit amount requested by the Covered Employee;

2. 50.00% of the Covered Employee's Life Insurance that is in force on the date the Covered Employee applies for an Accelerated Death Benefit; or

3. $250,000.00.

The amount of Accelerated Death Benefit payable to the Covered Dependent spouse under this policy is limited to the lesser of the following:

1. the Accelerated Death Benefit amount requested by the Covered Dependent spouse;

2. 50.00% of the Covered Dependent spouse's Life Insurance that is in force on the date the Covered Dependent spouse applies for an Accelerated Death Benefit; or

3. $125,000.00.

If the amount of a Covered Employee's or Covered Dependent spouse's Life Insurance under this policy is scheduled to reduce within 12 months following the date the Covered Employee or Covered Dependent spouse applies for the Accelerated Death Benefit, the benefit payable under this policy will be based on the reduced amount.

**Application for an Accelerated Death Benefit**

A Covered Employee or Covered Dependent spouse must apply for an Accelerated Death Benefit. To apply, the Covered Employee or Covered Dependent spouse must give Liberty:

1. certification, from a Physician, that he has a Terminal Condition, as defined by this policy;
2. supporting evidence satisfactory to Liberty, documenting the Terminal Condition;
3. a completed claims form;
4. At Claim Disclosure Form for Accelerated Death Benefit Agreement.

## SECTION 4 - INSURANCE BENEFITS
(Continued)

**EMPLOYEE LIFE INSURANCE COVERAGE** (Continued)

**Accelerated Death Benefit** (Continued)

**Application for an Accelerated Death Benefit** (Continued)

During the pendency of a claim, Liberty may, at its own expense, have a Physician examine the Covered Employee or Covered Dependent spouse. If there are conflicting opinions between the Covered Employee's or Covered Dependent spouse's Physician and Liberty's Physician, the medical opinion issued by the Covered Employee's or Covered Dependent spouse's Physician will rule. If the Covered Employee or Covered Dependent spouse has assigned all or a portion of the Life Insurance under this policy or named an irrevocable beneficiary, the Covered Employee or Covered Dependent spouse must also give Liberty a signed written consent form from the assignee or irrevocable beneficiary.

The Accelerated Death Benefit will be payable upon receipt of satisfactory Proof of a Terminal Condition; and signed written consent from an assignee or irrevocable beneficiary, if required.

With respect to this provision **"Terminal Condition"** means a condition:
1. which is expected to result in the Covered Employee's or Covered Dependent spouse's death within 12 months; and
2. from which there is no reasonable prospect of recovery.

**Effect on Insurance**

The amount of a Covered Employee's or Covered Dependent spouse's Life Insurance will be reduced by the amount paid as an Accelerated Death Benefit. Premiums, if any, for the remaining portion of a Covered Employee's or Covered Dependent spouse's Life Insurance will be based on the amount of the remaining Life Insurance in effect after payment of the Accelerated Death Benefit. All other terms and provisions of this policy will apply to the remaining portion. The acceleration-of-life-insurance benefits and the balance of the death benefit of the life insurance policy, which will be paid upon the Covered Employee's or Covered Dependent spouse's death, shall constitute full settlement on maturity of the face amount of the policy. Receipt of an Accelerated Death Benefit does not affect any Accidental Death or Dismemberment insurance benefit in force on a Covered Employee's or Covered Dependent spouse's life.

**Exceptions**

No Accelerated Death Benefit will be paid if:
1. the Covered Employee or Covered Dependent spouse is required by a court of law to exercise this option to satisfy a claim of creditors, whether in bankruptcy or otherwise;
2. the Covered Employee or Covered Dependent spouse is required by a governmental agency to exercise this option in order to apply for, receive, or continue a government benefit or entitlement;
3. all or a part of a Covered Employee's insurance must be paid to the Covered Employee's children or spouse or former spouse as part of a divorce decree, separate maintenance agreement or property settlement agreement;
4. the Covered Employee is married and lives in a community property state, unless the Covered Employee's spouse has given Liberty signed written consent; or
5. the Covered Employee or Covered Dependent spouse has previously received an Accelerated Death Benefit under this policy or any other group policy held by the Sponsor.

# SECTION 4 - INSURANCE BENEFITS
(Continued)

## DEPENDENT LIFE INSURANCE

### Benefits

When Liberty receives satisfactory Proof of the Covered Dependent's death, Liberty will pay to the Covered Employee the amount in force on such Covered Dependent's life under this policy. The Dependent Life Insurance benefit will be paid in one sum. It is shown in the Schedule of Benefits.

### Conversion Privilege

**Conversion Privilege at Individual Termination or Reduction of Benefits:**

If a Covered Dependent's coverage ends because:

1. of the Covered Employee's death; or
2. the Covered Employee's employment in an eligible class for Dependent Life Insurance ends,

the Covered Employee's Covered Dependent spouse may convert Dependent Life Insurance to an individual policy. Within 31 days after coverage ends, the Covered Dependent spouse must make written application to Liberty and pay the first premium payment. The individual policy will contain Life Insurance benefits only. The policy will be one then being offered by Liberty. Evidence of Insurability will not be required.

**Conversion Privilege at Class or Policy Termination:**

If a Covered Dependent's coverage ends because:

1. coverage ends for all employees; or
2. coverage ends for all employees in the Covered Employee's eligible class,

the Covered Dependent spouse is entitled to a limited conversion privilege. The Covered Employee must be entitled to convert to an individual policy in order for his Covered Dependent spouse to have this limited privilege. Conversion must be applied for in the same way as stated above. The amount the Covered Dependent spouse may convert is limited to the lesser of:

1. the amount the Covered Dependent spouse was covered for on the date coverage ended less any group insurance he becomes eligible for within 31 days; or
2. $2,000.

The individual policy will become effective 31 days after the Covered Dependent spouse's coverage ends.

**Death Within the 31 Days Allowed for Conversion:**

Dependent Life Insurance is payable if a Covered Dependent spouse dies during this period. The amount payable is the amount the Covered Dependent spouse was entitled to convert. Such insurance will be paid under this policy. Any premium paid for an individual policy will be refunded.

## SECTION 4 - INSURANCE BENEFITS
(Continued)

**EMPLOYEE AND DEPENDENT ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE**

**Benefits**

Accidental Death and Dismemberment benefits are payable when a Covered Person suffers a loss solely as the result of accidental Injury that occurs while covered. The loss must occur within 365 days after the date of the accident. The benefit payable is called the Full Amount. It is shown in the Schedule of Benefits.

| Loss Schedule: | Benefit Payable: |
|---|---|
| Life | Full Amount |
| Both Hands or Both Feet | Full Amount |
| Sight of Both Eyes | Full Amount |
| One Hand and One Foot | Full Amount |
| One Hand and Sight of One Eye | Full Amount |
| One Foot and Sight of One Eye | Full Amount |
| Speech and Hearing in Both Ears | Full Amount |
| One Hand or One Foot | One-half Full Amount |
| Sight of One Eye | One-half Full Amount |
| Speech or Hearing in Both Ears | One-half Full Amount |
| Thumb and Index Finger of the Same Hand | One-quarter Full Amount |
| Quadriplegia | Full Amount |
| Paraplegia | One-half Full Amount |
| Hemiplegia | One-half Full Amount |

Payment is made for loss due to each accident without regard to loss resulting from any prior accident. In no event may the total amount payable for all losses due to any one accident exceed the Full Amount.

Loss of hands or feet means complete severance through or above the wrist or ankle joint.

Loss of sight, speech or hearing must be total and irrecoverable.

Loss of thumb and index finger means that all of the thumb and index finger are cut off at or above the joint closest to the wrist. This benefit is not payable if a benefit is payable for the loss of the same entire hand.

Quadriplegia means the total and permanent paralysis of both upper and lower limbs.
Paraplegia means the total and permanent paralysis of both lower limbs.
Hemiplegia means the total and permanent paralysis of the upper and lower limbs on one side of the body.

## SECTION 4 - INSURANCE BENEFITS
(Continued)

**ADDITIONAL ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE**

**Benefits**

**Seat Belt Benefit**

Liberty will pay an additional benefit if accidental death was caused by an Automobile accident while the Covered Person was driving or riding in an Automobile and the Covered Person was covered by this policy. The benefit is payable if the Covered Person was wearing a Seat Belt at the time of the accident. The benefit payable is shown in the Schedule of Benefits.

Liberty must be given satisfactory written Proof that the Covered Person's death resulted from an Automobile accident while wearing a Seat Belt. A copy of the police accident report should be submitted with the claim. If a copy of the police accident report is not available, or if it is unclear that the Covered Person was wearing a Seat Belt, Liberty will pay 10.00% of the maximum benefit as shown in the Schedule of Benefits.

No benefit will be paid if the Covered Person was the driver of the Automobile and did not hold a current valid driver's license.

**Air Bag Benefit**

Liberty will pay an additional benefit if accidental death was caused by an Automobile accident while the Covered Person was driving or riding in an Automobile and the Covered Person was covered by this policy. The benefit is payable if the Covered Person was wearing a Seat Belt at the time of the accident and was seated behind a properly installed Air Bag. The benefit payable is shown in the Schedule of Benefits.

Liberty must be given satisfactory written Proof that the Covered Person's death resulted from an Automobile accident while wearing a Seat Belt and the Automobile was equipped with an Air Bag directly in front of the Covered Person. A copy of the police accident report should be submitted with the claim.

No benefit will be paid if the Covered Person was the driver of the Automobile and did not hold a current valid driver's license.

With respect to this provision, **"Air Bag"** means the passive restraint device in an Automobile which inflates automatically upon collision to provide protection in Automobile accidents. The Air Bag must meet the Federal Vehicle Safety Standards of the National Highway Traffic Safety Administration and be installed by the manufacturer.

With respect to this provision, **"Automobile"** means a private passenger motor vehicle licensed for use on public highways.

With respect to this provision, **"Seat Belt"** means a combination lap and shoulder restraint system that must meet the Federal Vehicle Safety Standards of the National Highway Traffic Safety Administration and be installed by the manufacturer. A Seat Belt will include a lap belt alone, but only if the Automobile did not have a combination lap and shoulder restraint system when manufactured. Seat Belt does not include a shoulder restraint alone.

## SECTION 4 - INSURANCE BENEFITS
(Continued)

Applicable to Employee Basic Life Class 1A, 4A, 7, 8A, 8B, Employee Optional Life Class 1A, 1B, 7, 8A, 8B:

**WAIVER OF PREMIUM FOR TOTAL DISABILITY**

If a Covered Employee becomes Totally Disabled while insured under this policy he may be eligible for continued Life Insurance coverage without premium payment, provided that:

1. he becomes Totally Disabled while insured under this policy and before age 65;
2. within one year from the date he is no longer in Active Employment Liberty receives initial Proof that his Total Disability has continued for 6 months (initial Proof); and
3. during the three months before each anniversary of receipt of initial Proof, Liberty receives Proof of continuation of Total Disability.

In addition, Liberty, at its own expense, may request the Covered Employee to be examined by a Physician chosen by Liberty. After the benefit has been continued for two years under this provision, Liberty will not require an examination more than once a year.

When Proof of Total Disability has been approved, premiums will be waived beginning the later of:

1. the date Liberty gives approval; or
2. 6 months from the date the Covered Employee is no longer in Active Employment due to Total Disability.

Accidental Death and Dismemberment and Dependent coverage will not be continued during the Covered Employee's period of Total Disability.

The Life Insurance benefit continued under this provision will be the amount in force on the Covered Employee's life under this policy on the date the Covered Employee is no longer in Active Employment due to Total Disability, subject to any reductions provided by any part of this policy. The amount continued will not include any part of the Covered Employee's Life Insurance that he converted to an individual policy unless he was Totally Disabled when he applied to convert and he returns the converted policy to Liberty without claim other than for a refund of the premiums.

If the Waiver of Premium provision has been denied, the Covered Employee may convert his Life Insurance benefit as provided in the Conversion Privilege.

A Covered Employee's continued Life Insurance coverage under this provision will end on the earliest of the date when:

1. he recovers and ceases to be Totally Disabled;
2. he returns to Active Employment;
3. he refuses to have an examination by a Physician chosen by Liberty or fails to give satisfactory Proof of continuation of Total Disability;
4. 90 Days after the date Liberty mails the Covered Employee a request for additional Proof of loss, Liberty does not receive such Proof;
5. he reaches age 70;
6. the date he begins receiving a benefit from a retirement or pension plan; or
7. the date the Sponsor classifies him as retired.

## SECTION 4 - INSURANCE BENEFITS

(Continued)

**WAIVER OF PREMIUM FOR TOTAL DISABILITY**

If continued Life Insurance coverage under this provision ends or reduces, the Covered Employee may convert his Life Insurance benefit as provided in the Conversion Privilege. Dependent coverage may be converted as allowed within this policy.

If the Covered Employee dies within one year from the date he is no longer in Active Employment due to Total Disability, Liberty will pay the Life Insurance benefit provided satisfactory Proof of continuous Total Disability until death is given to Liberty within one year after death.

If this policy terminates before the Covered Employee has received approval of waiver of premium, he is eligible to convert to an individual policy until such approval has been received. If this policy terminates after approval for waiver of premium, coverage will continue as if this policy continued to be in force.

With respect to this provision, **"Total Disability"** or **"Totally Disabled"** means the complete inability, as a result of Injury or Sickness, to perform the Material and Substantial Duties of Any Occupation.

With respect to this provision, **"Material and Substantial Duties"** means responsibilities that are normally required to perform Any Occupation, and cannot be reasonably eliminated or modified.

With respect to this provision, **"Any Occupation"** means any occupation that the Covered Employee is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

## SECTION 4 - INSURANCE BENEFITS
(Continued)

Applicable to Employee Basic Life Class 1A, 4A, 7, 8A, 8B, Employee Optional Life Class 1A, 1B, 7, 8A, 8B:

**PORTABLE GROUP TERM LIFE INSURANCE**

If any of a Covered Person's coverage under this Policy ends, he may be eligible to continue all or a part of the amount that ends, less any amount converted to an individual policy as provided in the Conversion Privilege, subject to any minimum and maximum amounts specified in this provision, as portable group term life insurance. The coverage must end because the Covered Employee is no longer in an eligible class or is no longer in Active Employment.

If a Covered Employee is eligible for portable group term life insurance, he may also elect portable group term life insurance on his Covered Dependent spouse whose coverage under this policy ends. A Covered Dependent is eligible to directly apply for portable group term life insurance if they no longer satisfy the definition of Dependent under the policy.

Portable group term life insurance is not available if coverage ends because this policy terminates, or if any life insurance under this policy will be continued on a waiver of premium basis.

A Covered Person is eligible to apply for portable group term life insurance if he has no Injury or Sickness that has a material effect on his life expectancy.

An Injury or Sickness that has a material effect on life expectancy means a condition that, according to generally accepted medical opinion, may contribute to or result in death within the next 5 years. Some examples include cancers and lung diseases.

Any Covered Person is eligible for portable group term Life Insurance if:

1. he is under age 70;

2. he is a citizen or legal resident of the United States or Canada; and

3. he is not a full-time member of the armed forces of any country.

To apply for portable group term life insurance, a Covered Person must, within 31 days of the date a Covered Person ceases to be eligible for coverage under this policy submit a completed portable group term life insurance application along with the first premium payment and any required application fee to Liberty at the address shown on the application.

If a Covered Person is applying for coverage his portable group term life insurance will be effective at 12:01 A.M. Standard Time on the day after coverage under this policy ends as long as any required Evidence of Insurability is approved. A Covered Person is responsible for the expense of securing supporting information to satisfy Evidence of Insurability.

The policy available will be one then being offered by Liberty as portable group term life insurance. The premium due will be based on Liberty's then current rate for such policies that apply to the Covered Employee and Covered Dependent spouse's class of risk and age at birthday nearest to the effective date of portable group term life insurance.

The amount of portable group term life insurance may be decreased at any time. Once elected, the amount of portable group term life insurance may be increased annually, subject to Evidence of

Insurability and Policy maximums.

COVERED EMPLOYEE PORTABLE GROUP TERM LIFE INSURANCE

The amount of portable group term life insurance a Covered Employee may apply for is subject to the following limits:

1. the maximum amount is equal to the lesser of:

   a. the amount of insurance that terminated under this policy; or
   b. $1,000,000.00.

2. the minimum amount is $10,000.00.

This amount is subject to any reductions due to age that may be contained in the portable group term life insurance policy.

DEPENDENT SPOUSE PORTABLE GROUP TERM LIFE INSURANCE

The amount of portable group term life insurance a Covered Dependent spouse may apply for is subject to the following limits:

1. the maximum amount is equal to the lesser of:

   a. the amount of insurance that terminated under this policy; or
   b. $250,000.00.

2. the minimum amount is $5,000.00.

This amount is subject to any reductions due to age that may be contained in the portable group term life insurance policy.

# SECTION 5 - EXCLUSIONS

**LIFE INSURANCE EXCLUSIONS**

No benefits are payable for any loss for death that results from, is contributed to or caused by:

1. suicide, committed while sane or insane, occurring within 24 months after the Covered Person's initial effective date of insurance with the Sponsor; and

2. suicide, committed while sane or insane, occurring within 24 months after the date any additional insurance elected by the Covered Person becomes effective under this Policy.

The suicide exclusion will apply to any amounts of insurance for which the Covered Person pays all or part of the premium.

The suicide exclusion will also apply to any amount that is subject to Evidence of Insurability Liberty approved.

## SECTION 5 - EXCLUSIONS
(Continued)

**ACCIDENTAL DEATH AND DISMEMBERMENT EXCLUSIONS**

No benefits are payable for any loss that is contributed to or caused by:

1. war, declared or undeclared, or any act of war;
2. intentionally self-inflicted injuries, while sane or insane;
3. suicide, or suicide attempt, while sane or insane;
4. active Participation in a Riot;
5. committing or attempting to commit a felony or misdemeanor;
6. disease, bodily or mental illness (or medical or surgical treatment thereof);
7. infections, except septic infections of and through a visible wound;
8. controlled substances (as defined in Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970 and all amendments) that are voluntarily taken, ingested or injected, unless as prescribed or administered by a Physician;
9. serving full-time active duty in the Armed Forces of any country or international authority;
10. boarding, leaving or being in or on any kind of aircraft. However, this exclusion will not apply if the Covered Person is a fare paying passenger on a commercial aircraft or traveling as a passenger in any aircraft that is owned or leased by or on behalf of the Sponsor; or
11. the presence of alcohol in the Covered Person's blood which raises a presumption that the Covered Person was under the influence of alcohol and contributed to the cause of the accident. The blood alcohol level is governed by the jurisdiction of the state in which the accident occurred.

No benefit will be payable for any loss suffered as a result of Accidental Injury during any period of incarceration.

With respect to this provision, **"Participation"** shall include promoting, inciting, conspiring to promote or incite, aiding, abetting, and all forms of taking part in, but shall not include actions taken in defense of public or private property, or actions taken in defense of the Covered Person, if such actions of defense are not taken against persons seeking to maintain or restore law and order including, but not limited to police officers and fire fighters.

With respect to this provision, **"Riot"** shall include all forms of public violence, disorder or disturbance of the public peace, by three or more persons assembled together, whether or not acting with a common intent and whether or not damage to persons or property or unlawful act or acts is the intent or the consequence of such disorder.

# SECTION 6 - TERMINATION PROVISIONS

**Termination of a Covered Person's Insurance**

A Covered Person will cease to be insured on the earliest of the following dates:

1. the date this policy terminates, but without prejudice to any claim originating prior to the time of termination;

2. the date the Covered Employee is no longer in an eligible class;

3. the date the Covered Employee's class is no longer included for insurance;

4. the last day for which any required Employee contribution has been made;

5. the date employment (status as an active Employee) or eligibility ends for any reason; or

6. the date the Covered Employee ceases to be in Active Employment due to a labor dispute, including any strike, work slowdown, or lockout.

Liberty reserves the right to review and terminate all classes insured under this policy if any class(es) cease(s) to be covered.

# SECTION 6 - TERMINATION PROVISIONS
(Continued)

**Policy Termination**

1. Termination of this policy under any conditions will not prejudice any claim which occurs while this policy is in force.

2. If the Sponsor fails to pay any premium within the grace period, this policy will terminate at 12:00 midnight Standard Time on the last day of the grace period. The Sponsor may terminate this policy by advance written notice delivered to Liberty at least 31 days prior to the termination date. This policy will not terminate during any period for which premium has been paid. The Sponsor will be liable to Liberty for all premiums due and unpaid for the full period for which this policy is in force.

3. Liberty may terminate this policy on any premium due date by giving written notice to the Sponsor at least 31 days in advance if:

   a. the number of Employees insured is fewer than 10; or
   b. less than 100% of the Employees eligible for any non-contributory insurance are insured for it; or
   c. less than 25.00% of the Employees eligible for any contributory optional insurance are insured for it; or
   d. the Sponsor fails:
      i. to furnish promptly any information which Liberty may reasonably require; or
      ii. to perform any other obligations pertaining to this policy.

4. Liberty may terminate this policy or any coverage(s) afforded hereunder and for any class of covered Employees on any premium due date after it has been in force for 12 months. Liberty will provide written notice of such termination to the Sponsor at least 31 days before the termination is effective.

5. Termination may take effect on an earlier date if agreed to by the Sponsor and Liberty.

# SECTION 7 - GENERAL PROVISIONS

**Appeal Process**

Liberty will notify in writing any Covered Person or beneficiary whose claim is denied in whole or part. That written notice will explain the reasons for denial. If the claimant does not agree with the reasons given, he may request an appeal of the claim. To do so, the claimant should write to Liberty within 60 days after the notice of denial was received. The claimant should state why he believes the claim was improperly denied. Any data, questions or comments that the claimant thinks are appropriate should be included. Unless Liberty requests additional material in a timely fashion, the claimant will be advised of Liberty's decision within 60 days after his or her letter is received.

**Assignment**

The coverage under this policy is not assignable by the Sponsor without Liberty's written consent. A Covered Employee may assign all of his present and future right, title, interest, and incidents of ownership of:

1. any Life Insurance;
2. any disability provision of Life Insurance; and
3. any Accidental Death and Dismemberment Insurance under this policy.

Such assignment will include, but is not limited to, the rights:

1. to make any contribution required to keep the coverage in force;
2. to exercise any conversion privilege; and
3. to change the beneficiary.

**Beneficiary**

Each Covered Employee must name a beneficiary to whom the insurance benefits under this policy are payable. If more than one beneficiary is named and if their interests are not specified, any surviving Beneficiaries will share equally. For any Dependent Life Insurance, the Covered Employee is automatically designated as the beneficiary.

If, at the death of a Covered Employee, there is no named or surviving beneficiary, Liberty will pay the benefits to the executor or administrator of the Covered Employee's estate. Liberty may, at its option, pay the benefits to a surviving relative in the following order: spouse, child, parent, sibling. Such payment will release Liberty of all further liability to the extent of payment.

A Covered Employee may change his beneficiary at any time by written request. Liberty or the Sponsor will provide a form for that purpose. Any change of beneficiary will take effect when the Sponsor receives the written request whether or not the Covered Employee is alive at that time. Such change will relate back to the date of the request. Any change of beneficiary will not apply to any payment made before the request was received by the Sponsor.

**Conformity with State Statutes**

Any provision of this policy which, on its effective date, is in conflict with the statutes of the governing jurisdiction of this policy is hereby amended to conform to the minimum requirements of such statute.

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Employee's Certificate**

Liberty will provide a Certificate to the Sponsor for delivery to Covered Employees. It will state:

1. the name of the insurance company and the policy number;
2. a description of the insurance provided;
3. the method used to determine the amount of benefits;
4. to whom benefits are payable;
5. limitations or reductions that may apply;
6. the circumstances under which insurance terminates; and
7. the rights of the Covered Person upon termination of this policy.

If the terms of a Certificate and this policy differ, this policy will govern.

**Entire Contract - Policy Changes**

1. This policy is the entire contract. It consists of:

   a. all of the pages;
   b. the attached signed Application of the Sponsor; and
   c. if contributory each Employee's signed application for insurance.

2. This policy may be changed in whole or in part. Only an officer of Liberty can approve a change to the policy. The approval must be in writing and endorsed on or attached to this policy.

3. No other person, including an agent, may change this policy or waive any part of it.

**Examination**

Liberty, at its own expense, has the right and opportunity to have a Covered Person, whose Injury or Sickness is the basis of a claim, examined or evaluated at reasonable intervals deemed necessary by Liberty. This right may be used as often as reasonably required. Liberty may also require an autopsy unless prohibited by law.

**Facility of Payment**

If a beneficiary or Covered Person is a minor or is physically or mentally incapable of giving a valid release for payment, Liberty, at its option, may make payment not to exceed $2,000.00 to a party who appears to have assumed responsibility for the care and support of such person. Liberty will only make such payment until claim is made by a guardian of the estate of the beneficiary or the Covered Person. Such payment will release Liberty of all further liability to the extent of payment.

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Furnishing of Information - Access to Records**

1. The Sponsor will furnish at regular intervals to Liberty:

   a. information relative to Employees:

      i. who qualify to become insured;
      ii. whose amounts of insurance change; and/or
      iii. whose insurance terminates.

   b. any other information about this policy that may be reasonably required.

   The Sponsor's records which, in the opinion of Liberty, have a bearing on the insurance will be opened for inspection at any reasonable time.

2. Clerical error or omission will not deprive an Employee of insurance.

**Incontestability**

This policy will not be contested, except for nonpayment of premium, after it has been in force for two years from the date of issue. The coverage of any Covered Person shall not be contested, except for nonpayment of premium, on the basis of a statement made relating to insurability of the Covered Person after such coverage has been in force for two years during the Covered Person's lifetime.

In the absence of fraud, any statements in any application will be deemed representations and not warranties. No representation made by:

1. the Sponsor in applying for this policy will make it void unless the representation is contained in the Sponsor's signed Application; or

2. any Covered Person in enrolling for insurance under this policy will be used to reduce or deny a claim unless the representation is contained in an application signed by him and such application is given to him or his beneficiary.

**Interpretation of the Policy**

Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

**Legal Proceedings**

A claimant or the claimant's authorized representative cannot start any legal action:

1. until 60 days after Proof of claim has been given; or

2. more than one year after the time Proof of claim is required.

Legal actions are contingent upon first having followed the Claims and Appeals procedure outlined in this policy.

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Misstatement of Age**

If a Covered Person's age has been misstated, an equitable adjustment will be made in the premium. If the amount of the benefit is dependent upon the Covered Person's age, the amount of the benefit will be the amount the Covered Person would have been entitled to if his correct age were known.

A refund of premium will not be made for a period more than 12 months before the date Liberty is advised of the error.

**Notice and Proof of Claim**

1. **Notice**

    a. Notice of claim must be given to Liberty within 30 days of the date of the loss on which the claim is based. If that is not possible, Liberty must be notified as soon as it is reasonably possible to do so. Such notice of claim must be received in a form or format satisfactory to Liberty.
    b. When written notice of claim is applicable and has been received by Liberty, the Covered Person will be sent claim forms. If the forms are not received within 15 days after written notice of claim is sent, the Covered Person can send to Liberty written Proof of claim without waiting for the forms.

2. **Proof**

    a. Satisfactory Proof of loss must be given to Liberty no later than 30 days after the date of loss.
    b. Failure to furnish such Proof within such time shall not invalidate or reduce any claim if it was not reasonably possible to furnish such Proof within such time. Such Proof must be furnished as soon as reasonably possible, and in no event, except in the absence of legal capacity of the claimant, later than one year from the time Proof is otherwise required.

Liberty reserves the right to determine if the Covered Person’s Proof of loss is satisfactory.

**Optional Methods of Settlement**

Benefits are usually payable in one sum. However, the Covered Person may elect in writing to have the proceeds paid through an installment program offered by Liberty. If the Covered Person makes no such election, his beneficiary may do so at the Covered Person's death.

Any installments remaining after the death of the payee will be paid as directed in the election of this option. Such direction is subject to the approval of Liberty.

**Liberty Security Account**

If the benefits to be paid total more than $10,000, a beneficiary may elect to have the proceeds deposited into a Liberty Security Account. The Liberty Security Account is an interest-bearing checking account, that is fully guaranteed by Liberty, and the beneficiary may draw on the entire sum of the proceeds at any time. If the Liberty Security Account is not elected, benefits may be paid in one sum.

**Payment of Benefits**

All benefits are payable when Liberty receives written satisfactory Proof of loss. Benefits for loss of life of the Covered Employee are paid to the beneficiary. Benefits for loss of life of the Covered Dependent are paid to the Covered Employee. Benefits for other losses are paid to the Covered Employee.

## SECTION 7 - GENERAL PROVISIONS
(Continued)

**Right of Recovery**

Liberty has the right to recover any overpayment of benefits caused by, but not limited to, the following:

1. fraud;
2. any error made by Liberty in processing a claim; or
3. any error made in the eligibility or administration of this policy by the Sponsor.

Liberty may recover an overpayment by, but not limited to, the following:

1. requesting a lump sum payment of the overpaid amount;
2. reducing any benefits payable under this policy; or
3. taking any appropriate collection activity available including any legal action needed.

It is required that full reimbursement be made to Liberty.

**Workers' Compensation**

This Policy and the coverages provided are not in lieu of, nor will they affect any requirements for coverage under any Workers' Compensation Law or other similar law.

# SECTION 8 - PREMIUMS

**Premium Rates**

Liberty has set the premiums that apply to the coverage(s) provided under this policy. Those premiums are shown in a notice given to the Sponsor with or prior to delivery of this policy.

A change in the initial premium rate(s) will not take effect within the first 3 years except that Liberty may change premium rates at any time for reasons which affect the risk assumed, including those reasons shown below:

1. a change occurs in the policy design;

2. a division, subsidiary or Associated Company is added to or deleted from this policy;

3. when the number of Covered Persons changes by 15.00% or more from the number insured on this policy's effective date; or

4. a change in existing law which affects this policy.

Liberty may, upon notice to the Sponsor, set new premium rates to become effective on or at any time after the first anniversary date of this policy. However, no premium may be changed unless Liberty notifies the Sponsor at least 61 days in advance. Premium changes may take effect on an earlier date when both Liberty and the Sponsor agree.

**Payment of Premiums**

1. All premiums due under this policy, including adjustments, if any, are payable by the Sponsor on or before their due dates at Liberty's Administrative Office, or to Liberty's agent. The due dates are specified on the first page of this policy.

2. All payments made to or by Liberty shall be in United States dollars.

3. If premiums are payable on a monthly basis, premiums for additional or increased insurance becoming effective during a policy month will be charged from the next premium due date.

4. The premium charge for insurance terminated during a policy month will cease at the end of the policy month in which such insurance terminates. This manner of charging premium is for accounting purposes only. It will not extend insurance coverage beyond a date it would have otherwise terminated as shown in the "Termination of a Covered Person's Insurance" provision of this policy.

5. If premiums are payable on other than a monthly basis, premiums for additional, increased, reduced or terminated insurance will cause a prorated adjustment on the next premium due date.

6. Except for fraud and premium adjustments, refunds of premiums or charges will be made only for:

   a. the current policy year; and
   b. the immediately preceding policy year.

## SECTION 8 - PREMIUMS
(Continued)

**Grace Period**

A grace period of 31 days will be allowed for the payment of premium after a premium due date other than the first. No interest will be charged. During this period this policy will continue in force. But, if the Sponsor gives Liberty written notice to terminate the policy on an earlier date, then this policy will end on such earlier date. The Sponsor must pay the pro rata premium for the time the policy was in force during the grace period.

# AMENDMENT NO. 1

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Add a 1 time multiple to the Optional Life for Class 1A. | Form GLP.1-SCH-2 R (1) | Form GLP.1-SCH-2 |

The effective date of this change is July 1, 2013.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 17th day of October, 2013.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 2

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Removed Domestic Partner coverage. | Form GLP.1-SCH-3 R (1)<br>Form GLP.1-DEF-2 R (1)<br>Form GLP.1-DEF-3 R (1)<br>Form GLP.1-DEP-1 R (1) | Form GLP.1-SCH-3<br>Form GLP.1-DEF-2<br>Form GLP.1-DEF-3<br>Form GLP.1-DEP-1 |

The effective date of this change is July 1, 2013.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 19th day of February, 2014.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 3

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Change benefit rounding.<br><br>Change Optional Dependent Option schedule and Reduction Formula. | Form GLP.1-SCH-2 R (2)<br>Form GLP.1-SCH-4.24 R (1) | Form GLP.1-SCH-2 R (1)<br>Form GLP.1-SCH-4.24 |

The effective date of this change is July 1, 2013.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 26th day of March, 2014.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 4

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Added Class 5 and 6 to the Policy | Form GLP.1-SCH-1 R (1)<br>Form GLP.1-SCH-2 R (3)<br>Form GLP.1-SCH-3 R (2)<br>Form GLP.1-DEF-2 R (2)<br>Form GLP.1-LIF-2 R (1)<br>Form GLP.1-WOP-1 R (1)<br>Form GLP.1-PTL-1 R (1) | Form GLP.1-SCH-1<br>Form GLP.1-SCH-2 R (2)<br>Form GLP.1-SCH-3 R (1)<br>Form GLP.1-DEF-2 R (1)<br>Form GLP.1-LIF-2<br>Form GLP.1-WOP-1<br>Form GLP.1-PTL-1 |

The effective date of this change is January 1, 2014.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 22nd day of April, 2014.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 7

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| A note was added under the Dependent spouse reduction formula. | Form GLP.1-SCH-4.24 R (2) | Form GLP.1-SCH-4.24 R (1) |

The effective date of this change is July 1, 2013.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 22nd day of July, 2014.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 8

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Changes made to Option 3 of the Class 1A, 2A, and 3A Optional Dependent spouse Life benefit. | Form GLP.1-SCH-2 R (5) | Form GLP.1-SCH-2 R (4) |

The effective date of this change is July 1, 2013.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 14th day of August, 2014.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 9

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Clarified that the Spouse Reduction Schedule would be based solely on the age of the Covered Employee | Form GLP.1-SCH-4.24 R (3) | Form GLP.1-SCH-4.24 R (2) |

The effective date of this change is January 1, 2015.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 28th day of April, 2015.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 10

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Added six-month Leave of Absence Provision | Form GLP.1-ELG-4 R (1) | Form GLP.1-ELG-4 |

The effective date of this change is February 9, 2015.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 28th day of April, 2015.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 11

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Revised the minimum hourly requirement in Section 1 | Form GLP.1-SCH-1 R (2) | Form GLP.1-SCH-1 R (1) |
| Revised the portable group term Life provision in Section 4. | Form GLP.1-PTL-13 R (1) | Form GLP.1-PTL-1 R (1)<br>Form GLP.1-PTL-2 |

The effective date of this change is July 1, 2015.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 20th day of August, 2015.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 12

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Correct the class 6 Basic Life maximum benefit amount in Section 1 | Form GLP.1-SCH-2 R (6) | Form GLP.1-SCH-2 R (5) |

The effective date of this change is January 1, 2014.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 3rd day of June, 2016.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 13

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Revised the Non-Medical Maximum in Section 1 applicable to Optional Life Insurance<br><br>Added Optional Life and Dependent Optional Life coverage for classes 1B, 2B and 3B | Form GLP.1-SCH-1 R (3)<br>Form GLP.1-SCH-2 R (7)<br>Form GLP.1-SCH-4.24 R (4)<br>Form GLP.1-ELG-2 R (1)<br>Form GLP.1-PTL-13 R (2) | Form GLP.1-SCH-1 R (2)<br>Form GLP.1-SCH-2 R (6)<br>Form GLP.1-SCH-4.24 R (3)<br>Form GLP.1-ELG-2<br>Form GLP.1-PTL-13 R (1) |

The effective date of this change is July 1, 2016.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 5th day of July, 2016.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 5

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
| --- | --- | --- |
| Updated Evidence of Insurability requirements for Optional Life Annual Enrollment | FORM GLP-SCH-5 R (1) | FORM GLP-SCH-5 |

The effective date of this change is July 1, 2013.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 22nd day of May, 2017.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 6

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Changed the Dependent Optional Life Insurance for Class 5 and 6 | FORM GLP-SCH-2 R (4)<br>FORM GLP-SCH-5 R (2) | FORM GLP-SCH-2 R (3)<br>FORM GLP-SCH-5 R (1) |

The effective date of this change is July 1, 2014.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 5th day of May, 2014.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 14

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Revised the Non-Medical Maximum and combined maximum in Section 1 | FORM GLP-SCH-2 R (8)<br>FORM GLP-SCH-5 R (3) | FORM GLP-SCH-2 R (7)<br>FORM GLP-SCH-5 R (2) |
| Clarified the reduction schedule in Section 1 | FORM GLP-SCH-4 R (5) | FORM GLP-SCH-4 R (4) |

The effective date of this change is July 1, 2016.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 26th day of October, 2016.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 15

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Updated Optional Dependent Life benefit amount | FORM GLP-SCH-2 R (1) | FORM GLP-SCH-2 |

The effective date of this change is July 1, 2016.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 16th day of June, 2017.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ____________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 16

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Updated the maximum benefit amount for Class 4A<br>Updated election options for Optional Dependent Life<br>Added coverage note for Optional Dependent Life<br>Updated the maximum benefit amount for Class 1A | FORM GLP-SCH-2 R (10) | FORM GLP-SCH-2 R (9) |

The effective date of this change is July 1, 2017.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 24th day of May, 2017.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 17

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
| --- | --- | --- |
| Updated benefit amount | FORM GLP-SCH-2 R (11) | FORM GLP-SCH-2 R (10) |

The effective date of this change is July 1, 2017.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 29th day of November, 2017.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 18

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Removed Employee Basic and Optional plans for Class 5 and 6 | FORM GLP-SCH-1 R (5)<br>FORM GLP-SCH-2 R (12)<br>FORM GLP-SCH-2 R (3) | FORM GLP-SCH-1 R (4)<br>FORM GLP-SCH-2 R (11)<br>FORM GLP-SCH-2 R (2) |

The effective date of this change is March 1, 2018.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 17th day of January, 2018.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 19

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Updated Optional Dependent Spouse benefit amount | FORM GLP-SCH-2 R (13) | FORM GLP-SCH-2 R (12) |

The effective date of this change is July 1, 2017.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 15th day of March, 2018.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 20

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Updated Dependent coverage eligibility in Section 3 to allow either parent or both to be eligible for Dependent coverage if both parents are Employees | Form GLP.1-ELG-1 R (1) | Form GLP.1-ELG-1 |

The effective date of this change is April 1, 2018.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 21st day of May, 2018.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 21

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Updated Class 1A, 2A, 3A Optional Dependent Spouse benefit amount in Section 1 | Form GLP-SCH-2 R (14) | Form GLP-SCH-2 R (13) |

The effective date of this change is July 1, 2017.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 12th day of July, 2018.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ________________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**



# AMENDMENT NO. 22

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Updated Class Descriptions, added Class 6B and 7 to the policy, updated Class 7 Basic Life Amount of Insurance, and definition of Dependent | Form GLP.1-SCH-1 R (5) | Form GLP.1-SCH-1 R (4) |
| | Form GLP.1-SCH-2 R (15) | Form GLP.1-SCH-2 R (14) |
| | Form GLP.1-SCH-3 R (4) | Form GLP.1-SCH-3 R (3) |
| | Form GLP.1-SCH-4.24 R (6) | Form GLP.1-SCH-4.24 R (5) |
| | Form GLP.1-SCH-5 R (4) | Form GLP.1-SCH-5 R (3) |
| | Form GLP.1-DEF-1 R (1) | Form GLP.1-DEF-1 |
| | Form GLP.1-DEF-2 R (3) | Form GLP.1-DEF-2 R (2) |
| | Form GLP.1-DEF-4 R (1) | Form GLP.1-DEF-4 |
| | Form GLP.1-ELG-1 R (2) | Form GLP.1-ELG-1 R (1) |
| | Form GLP.1-ELG-2 R (2) | Form GLP.1-ELG-2 R (1) |
| | Form GLP.1-ELG-4 R (2) | Form GLP.1-ELG-4 R (1) |
| | Form GLP.1-LIF-2.17 R (2) | Form GLP.1-LIF-2.17 R (1) |
| | Form GLP.1-WOP-1 R (2) | Form GLP.1-WOP-1 R (1) |
| | Form GLP.1-PTL-13 R (3) | Form GLP.1-PTL-13 R (3) |

The effective date of this change is January 1, 2019.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 10th day of May, 2019.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 23

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Terminated classes 2A, 2B, 3A, 3B | Form GLP.1-SCH-1 R (6)<br>Form GLP.1-SCH-2 R (16)<br>Form GLP.1-SCH-3 R (5)<br>Form GLP.1-SCH-4.24 R (7)<br>Form GLP.1-SCH-5 R (5)<br>Form GLP.1-DEF-1 R (2)<br>Form GLP.1-DEF-4 R (2)<br>Form GLP.1-ELG-1 R (3)<br>Form GLP.1-ELG-2 R (3)<br>Form GLP.1-ELG-4 R (3)<br>Form GLP.1-LIF-2.17 R (3)<br>Form GLP.1-WOP-1 R (3)<br>Form GLP.1-PTL-13 R (4) | Form GLP.1-SCH-1 R (5)<br>Form GLP.1-SCH-2 R (15)<br>Form GLP.1-SCH-3 R (4)<br>Form GLP.1-SCH-4.24 R (6)<br>Form GLP.1-SCH-5 R (4)<br>Form GLP.1-DEF-1 R (1)<br>Form GLP.1-DEF-4 R (1)<br>Form GLP.1-ELG-1 R (2)<br>Form GLP.1-ELG-2 R (2)<br>Form GLP.1-ELG-4 R (2)<br>Form GLP.1-LIF-2.17 R (2)<br>Form GLP.1-WOP-1 R (2)<br>Form GLP.1-PTL-13 R (3) |

The effective date of this change is July 1, 2020.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 4th day of May, 2020.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 24

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Updated definition of Annual Earnings in Section 2 | Form GLP.1-DEF-1 R (3) | Form GLP.1-DEF-1 R (2) |

The effective date of this change is January 1, 2020.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 8th day of May, 2020.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**

# AMENDMENT NO. 25

It is agreed the following changes are hereby made to this policy: SA3-890-460617-01

| Changes | Additions | Deletions |
|---|---|---|
| Added classes 8A and 8B into coverage under policy | Form GLP.1-SCH-1 R (7) | Form GLP.1-SCH-1 R (6) |
| | Form GLP.1-SCH-2 R (17) | Form GLP.1-SCH-2 R (16) |
| | Form GLP.1-SCH-3 R (6) | Form GLP.1-SCH-3 R (5) |
| | Form GLP.1-SCH-4.24 R (8) | Form GLP.1-SCH-4.24 R (7) |
| | Form GLP.1-SCH-5 R (6) | Form GLP.1-SCH-5 R (5) |
| | Form GLP.1-DEF-1 R (4) | Form GLP.1-DEF-1 R (3) |
| | Form GLP.1-DEF-4 R (3) | Form GLP.1-DEF-4 R (2) |
| | Form GLP.1-ELG-1 R (4) | Form GLP.1-ELG-1 R (3) |
| | Form GLP.1-ELG-2 R (4) | Form GLP.1-ELG-2 R (3) |
| | Form GLP.1-ELG-4 R (4) | Form GLP.1-ELG-4 R (3) |
| | Form GLP.1-LIF-2.17 R (4) | Form GLP.1-LIF-2.17 R (3) |
| | Form GLP.1-WOP-1 R (4) | Form GLP.1-WOP-1 R (3) |
| | Form GLP.1-PTL-13 R (5) | Form GLP.1-PTL-13 R (4) |

The effective date of this change is July 1, 2020.

This policy's terms and provisions will apply other than as stated in this amendment.

Dated this 18th day of May, 2020.

Issued to and Accepted by:

CHRISTUS Health
**Sponsor**

By ______________________________________________
**Signature and Title of Officer**

**Liberty Life Assurance Company of Boston**