UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DIANTHA TRIPLET | CIVIL ACTION NO. 23-cv-418 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LINCOLN NATIONAL LIFE INSURANCE CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Lincoln National removed this case based on an assertion of both diversity and federal question jurisdiction. The court finds, for reasons set forth below, that there is a basis for the exercise of diversity jurisdiction. It is not necessary at this stage of the case to assess whether there is complete preemption by ERISA and resulting federal question jurisdiction.

The notice of removal represents that Lincoln National is incorporated in Indiana and has its principal place of business in Pennsylvania, which makes it a citizen of those two states for diversity purposes. 28 U.S.C. § 1332(c)(1).

The notice of removal alleges that Plaintiff Diantha Triplet "is a resident of Louisiana." But it is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). Furthermore, Plaintiff filed suit in her individual capacity and as administratrix of the estate of William Triplet. The legal representative of an estate of a

decedent is deemed to be a citizen only of the same state as the decedent. Section 1332(c)(2). The notice of removal contains no allegations regarding the citizenship of the decedent. Fortunately, the state court petition alleges in paragraph three: "Both the decedent, William Triplet, and the beneficiary, Diantha Triplet, are domiciliaries of Caddo Parish, Louisiana." That assertion is sufficient to establish the citizenship of both plaintiffs for purposes of diversity jurisdiction.

With respect to the amount in controversy, the notice of removal alleges that the amount of the benefits at issue is $165,000. Thus, the pleadings indicate that the parties are completely diverse, and the amount in controversy exceeds $75,000.

Based on this assessment of the pleadings, the court finds that there is a basis for the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of April, 2023.



**Mark L. Hornsby**
**U.S. Magistrate Judge**